**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| DON THOMAS, | : | **Hon. Noel L. Hillman** |
| Petitioner, | : | Civil No. 10-4616 (NLH) |
| v. | : | **O P I N I O N** |
| ERIC HOLDER, et al., | : |  |
| Respondents. | : |  |

**APPEARANCES:**

    DON THOMAS, #41351-037
    FCI Fort Dix
    P.O. Box 2000
    Fort Dix, New Jersey 08640
    Petitioner Pro Se

**HILLMAN, District Judge**

Don Thomas filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging a federal sentence imposed on October 30, 2009, in the United States District Court for the District of Maryland. For the reasons set forth below, this Court will dismiss the Petition for lack of jurisdiction.

**I.   BACKGROUND**

On May 11, 2004, a federal grand jury sitting in the District of Maryland returned an indictment charging Petitioner with narcotics offenses. See United States v. Thomas, Crim. No. 04-0250 memorandum opinion at pp. 1-2 (D. Md. Oct. 30, 2009). A superseding indictment charged Petitioner with conspiracy to

distribute cocaine, possession with intent to distribute cocaine and marijuana, possession of a firearm in furtherance of a drug trafficking crime, and being a felon in possession of a firearm. Id. On March 8, 2005, United States District Judge Benson Everett Legg denied Petitioner's motion to suppress evidence. Id. at p. 2. On April 4, 2005, Petitioner pled guilty, pursuant to a plea agreement, to conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and possession of a firearm in furtherance of a drug trafficking crime. Id. On the day Petitioner appeared for sentencing, he argued that the court lacked jurisdiction over him because he never consented to be governed by the laws of the United States and that no attorney could ethically represent him because the oath to uphold the laws of the United States created a conflict of interest. Id. After ordering and reviewing two competency evaluations and determining that Petitioner would not be permitted to withdraw the plea, on May 19, 2006, Judge Legg sentenced Petitioner to an aggregate 300-month term of imprisonment. Id. at p. 3. The judgment of conviction was filed on May 24, 2006. Id. at docket entry #100.

On May 23, 2007, Petitioner filed a motion to vacate, set aside or correct the sentence, pursuant to 28 U.S.C. § 2255, arguing in part that his attorney was ineffective for failing to file a notice of appeal after promising on the record to do so.

2

Id. at docket entry #105.  Petitioner filed an amended § 2255 motion on August 13, 2008, and a motion for an evidentiary hearing on September 16, 2009.  Id. at docket entry nos. 114, 125.  By order filed October 30, 2009, Judge Legge denied the motion for an evidentiary hearing, denied the amended § 2255 motion, dismissed the § 2255 motion, vacated the judgment of conviction, and appointed CJA counsel for Petitioner for the purpose of filing a direct appeal.  Id. at docket entry #129.  In the memorandum opinion accompanying the order, Judge Legge noted: (1) although Petitioner pled guilty, he reserved his right to appeal the denial of his motion to suppress; (2) on the record at the conclusion of sentencing, standby counsel expressly agreed to file a notice of appeal on Petitioner's behalf; and (3) no notice of appeal was filed.  On October 30, 2009, Judge Legg filed an amended judgment of conviction and Petitioner filed a notice appealing the judgment.  Crim. No. 04-0250 at docket entry nos. 131, 133.  On March 4, 2011, the Fourth Circuit affirmed the amended criminal judgment.  See United States v. Thomas, C.A. No. 09-5032 opinion (4th Cir. Mar. 4, 2011).

 On December 2, 2009, Petitioner filed his first § 2241 petition in this Court challenging the aforesaid conviction and sentence.  Petitioner presented the following argument:

> Petitioner is being detained without lawful
> authority done thru deception and trick[ery]
> employed by illegal court proceedings.
> Petitioner retains the liberty and right to

3

>     meet the accuser(s), and to answer for any
>     physical injury and/or damage as against the
>     accusing party(s) who initiated any "criminal
>     complaint(s), supported by a sworn
>     affidavit."  To this date, no such evidence
>     has been entered into the case file or
>     records, nor has Petitioner met any alleged
>     accuser(s).
>
>     Upon an investigation and verified
>     information.  The facts re, Prosecutors and
>     defense attorneys are without an Oath of
>     Office on file with the Secretary of State of
>     Maryland, for Respondents' affirming to
>     protect or defend the United States
>     Constitutional guarantee and protections.
>     Defense attorneys failed to give notice or
>     file appeals on Petitioner's.

(Docket entry #1 at p. 4.)

By Opinion and Order entered January 13, 2010, this Court denied the petition under § 2241 without prejudice because the appeal from the order denying his § 2255 motion was pending:

>     In the context of a collateral attack upon a
>     federal conviction, courts have concluded
>     that "there is no *jurisdictional* bar to a
>     district court's adjudication of a § 2255
>     motion while the movant's direct appeal is
>     pending, but that such actions are disfavored
>     as a matter of judicial economy and concern
>     that the results on direct appeal may make
>     the district court's efforts a nullity."
>     <u>United States v. Banks</u>, 269 Fed. App'x 152,
>     153 (3d Cir. 2008); <u>see also</u> <u>United States v.
>     Prows</u>, 448 F. 3d 1223, 1228-29 (10th Cir.
>     2006); <u>Womack v. United States</u>, 395 F. 2d
>     630, 631 (D.C. Cir. 1968).
>
>     In the case at bar, Petitioner's <u>pro se</u>
>     pleading, like his direct appeal, challenges
>     his conviction and sentence.  Accordingly,
>     adjudication of the direct appeal may render
>     moot the issues raised in this <u>pro se</u> filing.
>     Under these circumstances, this Court

4

> declines to entertain Petitioner's challenge to his conviction and sentence, and will dismiss this matter without prejudice. <u>See Banks</u>, 269 Fed. App'x at 153; <u>United States v. Ford</u>, 215 Fed. App'x 167 (3d Cir. 2007).

<u>Thomas v. Holder</u>, Civil No. 09-6170 (NLH) opinion at pp. 5-6 (D. N.J. Jan. 11, 2010).

On September 8, 2010, Petitioner filed the § 2241 Petition presently before this Court.  Petitioner asserts that he "has been unlawfully sentence[d] on 05/24/2006 until 02-17-2026. Respondents' Christopher J. Romano, failed to issue or answer Petitioners' lawful questions or petitions filed into the public record concerning the criminal charges and request, also was for proof of all public criminal charges against Petitioner, here by demand that all Respondents 'Answer and Show Cause,' why Petitioner is being held . . . " (Docket Entry #1, pp. 1-2.)  In the affidavit in support of the writ, Petitioner essentially repeats the claim he presented in the prior § 2241 petition:

> Petitioner has probable cause to believe, there is sufficient evidence, establishing that Petitioner is being detained without lawful authority done thru deception and tricky employed by illegal court proceedings. Petitioner retains the liberty and right to meet the accuser(s), and to answer for any physical injury and/or damage as against the accusing party(s) who initiated any 'criminal compliant(s),' supported by a 'sworn affidavit.'  To this date, no such evidence has been entered into the case file or records, nor has Petitioner met any alleged accuser(s).

5

> Upon an investigation and verified
> information.  The facts are, Prosecutors and
> defense attorneys are without an Oaths of
> Office on file with the Secretary of State of
> Maryland, for Respondents' affirming to
> protect or defend the United States
> Constitutional guarantee and protections.
> Defense attorneys failed to give notice or
> file appeals on Petitioner's.

(Docket Entry #1, p. 4.)

As noted above, the Fourth Circuit affirmed the amended criminal judgment On March 4, 2011.  See United States v. Thomas, C.A. No. 09-5032 opinion (4th Cir. Mar. 4, 2011).

## II.  DISCUSSION

A.  Jurisdiction

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not
> extend to a prisoner unless- . . . He is in
> custody in violation of the Constitution or
> laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255.  See Davis v. United States, 417 U.S. 333 (1974); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).  This is because 28 U.S.C. § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is "inadequate or

6

ineffective." [1]  See 28 U.S.C. § 2255(e).  Specifically, § 2255(e) provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); see Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997); Millan-Diaz v. Parker, 444 F.2d 95 (3d Cir. 1971); Application of Galante, 437 F.2d 1164 (3d Cir. 1971) (per curiam); United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954).

A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F. 3d at 538.  "It is the inefficacy of the remedy, not the personal inability to use

---

[1] The "inadequate or ineffective" language was necessary because the Supreme Court held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus." Swain v. Pressley, 430 U.S. 372, 381 (1977).

7

it, that is determinative." Id.  The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade the statute of limitations under § 2255 or the successive petition bar.  Id. at 539.

In In re Dorsainvil, 119 F.3d at 251, the United States Court of Appeals for the Third Circuit applied the "inadequate or ineffective" test to a § 2241 claim challenging a sentence on the basis of a change of substantive law that occurred after Dorsainvil's first § 2255 motion was decided.[2]  The Court of Appeals first determined that Dorsainvil could not raise the Bailey claim in a successive § 2255 motion because the AEDPA restricted successive § 2255 motions to constitutional claims. While the Third Circuit found § 2255 inadequate and ineffective under the narrow circumstances present in that case, the court cautioned:

> We do not suggest that § 2255 would be "inadequate or ineffective" so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.  Such a holding would effectively eviscerate Congress's intent in amending § 2255.  **However, allowing someone in Dorsainvil's unusual position - that of a**

---

[2] Dorsainvil claimed that he was actually innocent of "use of a firearm" after the Supreme Court held in Bailey v. United States, 516 U.S. 137 (1995), that the crime, "use of a firearm," does not reach certain conduct.  The Supreme Court later ruled that the court's interpretation of the statute in Bailey applied retroactively under § 2255 to convictions that were final.  See Bousley v. United States, 523 U.S. 614 (1998).

8

> **prisoner who had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate, even when the government concedes that such a change should be applied retroactively - is hardly likely to undermine the gatekeeping provisions of § 2255.**

Dorsainvil at 251 (emphasis added).[3]

Here, Petitioner's challenge to his sentence is within the scope of claims cognizable under § 2255, and thus he may not seek relief under § 2241 unless the remedy under § 2255 is inadequate or ineffective.  Section 2255 is not inadequate or ineffective for Petitioner's claim, however, because he does not contend that, as a result of a Supreme Court decision issued subsequent to his conviction, the conduct for which he was convicted is now non-criminal.  See Dorsainvil, 119 F. 3d at 250 ("A Supreme Court decision interpreting a criminal statute that resulted in the imprisonment of one whose conduct was not prohibited by law presents exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent") (quoting Davis v. United States, 417 U.S. 333, 346 (1974)); Massey v. United States, 581 F. 3d 172 (3d Cir. 2009) (petitioner may not challenge federal sentence on Booker grounds via a writ of audita

---

[3] Several courts of appeals have adopted similar tests.  See Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001); In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000); Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999); In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998); Triestman v. United States, 124 F.3d 361 (2nd Cir. 1997).

querela); Okereke v. United States, 307 F.3d 117 (3d Cir. 2002) ("Unlike the intervening change in law in In re Dorsainvil that potentially made the crime for which that petitioner was convicted non-criminal, Apprendi dealt with sentencing and did not render conspiracy to import heroin, the crime for which Okereke was convicted, not criminal.  Accordingly, under our In re Dorsainvil decision, § 2255 was not inadequate or ineffective for Okereke to raise his Apprendi argument").  Because § 2255 is not an inadequate or ineffective remedy for Petitioner's claim, this Court lacks jurisdiction to entertain Petitioner's claim under § 2241 and will dismiss the Petition for lack of jurisdiction.[4]

### III.  CONCLUSION

The Court dismisses the Petition for lack of jurisdiction.


        /s/ Noel L. Hillman
       **NOEL L. HILLMAN, U.S.D.J.**

Dated:   March 31 , 2011

At Camden, New Jersey

---

[4] Moreover, Petitioner may still be able to file a § 2255 motion in the sentencing court challenging the sentence imposed by the amended criminal judgment dated October 30, 2009, and affirmed by the Fourth Circuit on March 4, 2010.

10